STATE OF HAWAII, Plaintiff-Appellee, *v.* DAVID W. IBSEN, Defendant-Appellant

NO. 11395

(CRIMINAL NO. C4-86-4-4)

JANUARY 27, 1987

BURNS, C.J., AND HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY TANAKA, J.

After a bench trial the district court convicted defendant David W. Ibsen (Defendant) for the offense of driving under the influence of intoxicating liquor (DUI). Claiming that the person who took the blood specimen from him was unqualified, Defendant contends that the court erred in failing to suppress the blood test result.[1] We agree and vacate the judgment of conviction.

On March 9, 1986, Defendant was involved in a two-car accident. The police officer investigating the accident arrested him for a DUI offense. Since he elected to take a blood test rather than a breath test, Defendant was taken to the Wilcox Memorial Hospital. There, Wendy Hashizume (Hashizume) withdrew blood from Defendant for the alcohol blood test. Subsequently, a chemical test performed by Dr. Quentin Belles disclosed 0.151 per cent by weight of alcohol in Defendant's blood.

At the commencement of the bench trial on April 18, 1986, Defendant orally moved to suppress the blood test result.[2] Based on Hashizume's testimony that she had graduated in 1984 from the University of Hawaii with a Bachelor of Science degree in medical technology, was certified by the American Society of Clinical Pathologists as a medical technologist, and had been working at the Wilcox Memorial Hospital since August 1985, the district court found her to be a qualified "clinical laboratory technologist." The court denied Defendant's motion to suppress and subsequently found him guilty of the DUI offense.

Section 11-111-5(d) of Chapter 111 of Title 11 of the Hawaii Admin-

---

[1] Disposition of this case does not require our consideration of other points raised on appeal.

[2] The motion to suppress was based on two grounds: (1) there was no probable cause for the arrest of Defendant; and (2) the taking of his blood and the procedures that were followed were not in strict compliance with the Department of Health regulations, Chapter 111 of Title 11 of the Hawaii Administrative Rules (Rules).

istrative Rules (Rules)[3] provides in part as follows:

Blood samples shall be collected from living individuals within three hours of an alleged offense *only by a person authorized by law,* namely a physician, registered nurse or clinical laboratory technologist. [Emphasis added.]

Although the district court found that Hashizume was "a clinical laboratory technologist," we conclude that the record fails to disclose that she was "a person authorized by law" to collect blood from Defendant.

The State correctly alleges the Rules do not define "clinical laboratory technologist." The State proceeds to Chapter 30 of the Public Health Regulations for the definition and qualifications of "clinical laboratory technologist." Arguing that Hashizume met the qualifications set forth in section 8-D1(a)[4] of Chapter 30, the State then asserts Hashizume was qualified to collect Defendant's blood.

The State's argument conveniently ignores a vital requirement of § 11-111-5(d) of the Rules. Under the section, only persons *authorized by law* are qualified to collect blood. The law, namely, Hawaii Revised Statutes (HRS) § 286-152 (1976)[5] provides:

Persons qualified to take blood specimen. No person other than a physician, licensed laboratory technician, or registered nurse may withdraw blood for the purpose of determining the alcoholic content therein. This limitation shall not apply to the taking of a breath specimen.

---

[3]Chapter 111 of Title 11 of the Hawaii Administrative Rules was formerly contained in Chapter 47 of the Public Health Regulations.

[4]Section 8-D1(a) of Chapter 30 of the Public Health Regulations states:

1. Clinical laboratory technologist or clinical laboratory specialist.

A clinical laboratory technologist or clinical laboratory specialist must meet one of the following qualifications:

(a) Have a bachelor's degree from a college or university recognized by the National Commission of Accrediting, or one that is otherwise acceptable to the Department in medical technology and successfully completed one (1) year training as a medical technologist trainee in a program approved by the council on Medical Education of the American Medical Association.

[5]Although Defendant contends in his opening brief that Wendy Hashizume "was not a person authorized by law," surprisingly, neither Defendant nor the State mentions or discusses Hawaii Revised Statutes § 286-152 (1976) in their briefs.

HRS § 286-152 clearly requires the laboratory technician to be *licensed*.[6]

Here, there is no evidence in the record that Hashizume was licensed by the Department of Health as a clinical laboratory technologist or a laboratory technician. Therefore, based on the evidence, since she was unqualified to withdraw blood from Defendant, the district court should have suppressed the blood test result. *State v. Nakahara,* 5 Haw. App. 575, 704 P.2d 927 (1985).

Judgment vacated and case remanded for retrial.

*Arthur K. Trask, Jr.* for defendant-appellant.

*Peter M. Morimoto,* Deputy Prosecuting Attorney, for plaintiff-appellee.

---

[6]Section 8-A of Chapter 30 of the Public Health Regulations also provides that "[n]o person shall serve as a clinical laboratory . . . technologist . . . except under a valid and effective license issued to him by the Department."